UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN K. NG,<br><br>    Petitioner,<br><br>  v.<br><br>SCOTT SPEER,<br><br>    Respondent. | CASE NO. C25-25 JNW<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on Petitioner's Objections to the Report and Recommendation of Magistrate Judge S. Kate Vaughan. (Dkt. No. 5.) Having reviewed the Objections, the Report and Recommendation (R&R) (Dkt. No. 4), and all supporting materials, the Court ADOPTS the R&R and OVERRULES the Objections.

## BACKGROUND

Petitioner Benjamin Ng is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, as the result of a criminal conviction from the 1980s. (See Dkt. 1-1 at 1.) Ng seeks relief from that judgment on the ground that he was denied

counsel at a critical stage of his criminal proceedings, specifically, his arraignment. (See id. at 6.) Though Ng filed his petition for writ of habeas corpus under 28 U.S.C. § 2241, the R&R construed it as a habeas petition under 28 U.S.C. § 2254, noting that "'§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]'" (R&R at 2 (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc)). The R&R then noted that Ng filed a federal habeas petition challenging this same sentence in May 2024, which led to its dismissal with prejudice because it was untimely and time-barred. (R&R at 2 (citing Ng v. Bennett, C24-717 JHC, Dkt. Nos. 4, 6, 14).) The R&R found that it lacked jurisdiction over Ng's second petition because it an improper successive petition that must be dismissed under 28 U.S.C. § 2244(b). (Id. ("The fact that Petitioner's initial federal habeas petition was dismissed as time-barred renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b).").)

Ng has filed objections, which the Court addresses below.

## ANALYSIS

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

**B.  No Errors in R&R**

Ng first argues that the R&R failed to engage in a "successive analysis pursuant to 28 U.S.C. § 2244(b)[.]" (Objn's at 1.) This objection appears to ignore the fact that the R&R did, in

fact, determine Ng's petition is a successive petition challenging the same sentence, where the prior petition was dismissed as time barred. The Court finds no failure to consider 28 U.S.C. § 2244(b), and Ng has not identified any grounds to avoid the successive-petition bar set out in § 2244(b)(2).

Second, Ng faults the R&R for not determining the merits of his habeas claim. (Obj'ns at 1.) But because the R&R properly determined the Court lacks subject matter jurisdiction over this successive petition under § 2244(b), the R&R correctly did not reach the merits of the underlying time-barred claim.

Third, Ng claims the R&R did not undertake a "jurisdiction analysis." (Obj'ns at 1.) But the R&R did engage in a jurisdictional analysis, correctly finding that the Court lacks subject matter jurisdiction. None of the cases Ng cites to alters this conclusion.

Fourth, Ng claims the R&R incorrectly characterized his petition as a § 2254 petition, not a § 2241 petition. (Obj'ns at 2.) But the R&R correctly held that "'§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]'" (R&R at 2 (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc)).

Fifth, Ng argues the R&R violated 28 U.S.C. § 2243 by not commanding an answer. (Obj'ns at 2.) But having determined that the Court lacks subject matter jurisdiction over this successive petition, the R&R correctly declined to order an answer.

Sixth, Ng argues the R&R "asserts a factual predicate in violation of 28 U.S.C. § 2244(b)(2)(B)(i)." (Obj'ns at 2.) This argument appears to misconstrue the R&R and the requirements of § 2244(b)(2)(B)(i). Under the statute, Ng bears the burden of demonstrating why his successive petition includes a factual predicate that "could not have been discovered

previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). The Court has separately reviewed the materials filed in this matter and it finds no information that would satisfy Ng's burden of showing some new factual predicate that he could not have earlier discovered. The objection thus lacks merit.

The Court therefore OVERRULES the Objections, none of which has merit.

## CONCLUSION

The R&R correctly determined that Ng's petition is barred by § 2244(b) as a successive petition. Ng has failed to identify any errors in the R&R. And the Court agrees with the R&R's determination that a certificate of appealability should not issue, as reasonable jurists could not disagree on the resolution of the claims and the claims do not deserve encouragement to proceed further. The Court therefore: (1) ADOPTS the R&R and DISMISSES this action with prejudice; (2) OVERRULES the Objections; and (3) DENIES issuance of a certificate of appealability.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 4, 2025.

Marsha J. Pechman
United States Senior District Judge